Filed 4/21/14  P. v. Brown CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>BOOKER TYRONE BROWN,<br><br>     Defendant and Appellant. | H040158<br>(Santa Clara County<br>Super. Ct. No. 178826) |

In 1995 defendant Booker Tyrone Brown was convicted of residential first degree burglary after the resident of a San Jose home found defendant standing in the corner of his bathroom with a flashlight.  Defendant raised his hands, announced that he hadn't taken anything, and ran out of the house.  (Pen. Code, §§ 459/460, subd. (a).)[1]  The trial court also found true allegations regarding three prior strikes (Pen. Code §§ 667, subds. (b)-(i); 1170.12), three prior serious felonies (Pen. Code § 667, subd. (a)), and three prison priors (Pen. Code § 667.5, subd. (b)).  On August 31, 1995, the court sentenced defendant under the former "Three Strikes" law to a prison for a term of 15 years consecutive to 25 years to life.

---

[1]  By order dated March 5, 2014, this court took judicial notice of defendant's two prior appeals, *People v. Booker* (Jan. 24, 1997, H014467) [nonpub. opn.], and *People v. Booker* (Jul. 30, 1998, H017184) [nonpub. opn.].

On August 16, 2013, the defendant filed a "Motion to Recall Sentence" under the Three Strikes Law Reform Act (the Act) and Penal Code section 1170.126. On August 21, 2013, the trial court denied the motion, finding it duplicative of past habeas petitions and untimely. The court also found defendant ineligible for re-sentencing under the provisions of the Act. Defendant filed a timely notice of appeal from the trial court's order.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) which states the case and the facts but raises no specific issues. *Wende* review is only available in a first appeal of right from a judgment of conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501 (*Serrano*).) Because defendant's appeal is from an order after judgment, and not a first appeal of right, he is not entitled to *Wende* review. (*Ibid.*) Therefore, we will proceed with this appeal pursuant to the standard we enunciated in *Serrano*.

Pursuant to *Serrano,* on January 29, 2014, we notified defendant of his right to submit written argument in his own behalf within 30 days. On February 21, 2014, we received a letter from defendant. In his letter, defendant speaks of his remorse and asks this Court to "look in the particulars of my individual circumstance and take into consideration my endeavors to rehabilitate myself . . . ." To the letter, defendant attaches a list of over 140 different courses and workshops that he has participated in. While defendant's attempts to better himself through education are commendable, they are not properly considered on appeal. Nothing in defendant's letter raises any arguable issues on appeal from the trial court's denial of his petition for recall of sentence. Therefore, we decline to retain the case.

The appellant having failed to raise any arguable issue on appeal, we dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

_____
                                                RUSHING, P.J.

WE CONCUR:

_____
            PREMO, J.

_____
            ELIA, J.